UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
HAROLD PENA, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                      Plaintiff,

      -against-

BIG MACK PAINTING CORP., and OV PAINTING AND
SUPPLY, INC., and BRUCE POLK, individually, and
DENNIS CAROLLO, individually,

                      Defendants.
---------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

**Jury Trial Demanded**

      HAROLD PENA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against BIG MACK PAINTING CORP. ("Big Mack"), and OV PAINTING AND SUPPLY, INC. ("OV"), and BRUCE POLK, individually ("Polk"), and DENNIS CAROLLO, individually ("Carollo"), (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.     This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the

1

NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two corporations that operate as a single enterprise that runs a Staten Island-based painting and renovation business, and their day-to-day overseers - - as a painter from in or around March 2013 until on or around April 3, 2018. As described below, throughout Plaintiff's employment, Defendants intentionally failed to pay Plaintiff overtime wages for his hours worked in a week over forty in violation of the FLSA and the NYLL. Specifically, despite Plaintiff working in excess of forty hours per week, Defendants initially paid Plaintiff a flat daily rate for each day worked regardless of how many hours he worked per day or per week, and thus failed to compensate Plaintiff at the statutorily-required overtime rate for any hours that he worked per week in excess of forty. Then, when Defendants made Plaintiff an hourly employee, Defendants continued to require Plaintiff to work more than forty hours per week but paid him at his regular rate of pay for all hours worked, including those in excess of forty.

3. Furthermore, also in violation of the NYLL, Defendants failed to provide Plaintiff with accurate wage statements on each payday throughout his employment or with any wage notice at the time of his hire, let alone an accurate one.

4. Defendants paid and treated all of their employees whom they paid on either a daily or hourly basis in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period

who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times herein, Defendant Big Mack was a New York corporation with its principal place of business located at 261 Chelsea Street, Staten Island, New York 10307.

10. At all relevant times herein, Defendant OV was and is a New York corporation with its principal place of business also located at 261 Chelsea Street, Staten Island, New York 10307.

11. At all relevant times herein, Defendant Polk was and is the Chief Executive Officer and Defendant Carollo was and is the owner of Defendants Big Mack and OV. In those roles, Defendants Polk and Carollo were together responsible for overseeing all of the day-to-day operations of Defendants Big Mack and OV, including managing all of Big Mack's and OV's employees, including all matters with respect to determining employees' rates and methods of pay and hours worked, determining employees' work locations, distributing work duties, and the hiring

and firing of employees, including Plaintiff.  In fact, Defendant Polk directly supervised Plaintiff and determined his daily job assignments, while Defendant Carollo hired and fired Plaintiff and set his rate of pay.

12. At all relevant times herein, Defendants Big Mack and OV operated as a single enterprise in that: Defendant Carollo owned and Defendants Carollo and Polk jointly ran and oversaw both entities; both entities interchangeably shared employees and equipment such as trucks, tools, machines, and ladders to carry out the needs of the business; and both entities operated from the same primary location, and are commonly owned and controlled financially.

13. Additionally, Defendants Big Mack and OV were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, their qualifying annual business exceeded and exceeds $500,000.00, and they were and are engaged in interstate commerce within the meaning of the FLSA as they employ and employed two or more employees and serviced clients in both New York and New Jersey, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.  Furthermore, all or most of Defendants' employees, including Plaintiff and FLSA Plaintiffs, performed work for Defendants in both New York and New Jersey, which individually subjects Defendants to the FLSA's overtime requirement with respect to any employee who performed work for Defendants in multiple states, irrespective of Defendants' qualifying annual business.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants and were paid on either a daily or hourly basis, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that is legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and choose not to do so.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **BACKGROUND FACTS**

18. Defendants Big Mack and OV are New York corporations, which as described above, jointly provide painting services, wall covering, and renovation work to residential and commercial customers in the Tri-State area, primarily in Brooklyn, Queens, Staten Island, Manhattan, and New Jersey.

19. Defendants Polk and Carollo, as detailed above, together run the business on a daily basis.

20. In or around March 2013, Defendant Carollo, on behalf of Defendants, hired Plaintiff to work for Defendants as a painter. Plaintiff worked for Defendants continuously in that role until on or around April 3, 2018.

21. As a painter, as its name suggests, Plaintiff's main duties consisted of painting and plastering on the interior and exterior of residential and commercial buildings. Plaintiff performed these tasks for Defendants at multiple locations in Brooklyn, Queens, and Staten Island, as well as in Manhattan and Hoboken, New Jersey.

22. From in or around March 2013 until in or around December 2013, Defendants required Plaintiff to work, and Plaintiff did generally work, either six or seven days per week, Monday to Saturday from 7:00 a.m. to 4:30 p.m., and Sundays twice per month from 7:00 a.m. to 4:30 p.m., with one half-hour break on each day, for a total of between fifty-four and sixty-three hours per week.

23. From in or around January 2014 until on or around April 3, 2018, Defendants required Plaintiff to work, and Plaintiff did in fact work, six days per week, Monday to Saturday from 8:00 a.m. until between 4:30 p.m. and 7:00 p.m., with one half-hour break on each day, for a total of forty-eight to sixty-three hours per week.

24. From in or around March 2013 until in or around December 2013, Defendants paid Plaintiff a flat rate of $80.00 per day in cash, regardless of the amount of hours that Plaintiff worked in a day or in a week.

25. Subsequently, Defendants began paying Plaintiff by check and by the hour as follows: $19.00 per hour from in or around January 2014 until on or around November 30, 2015; $22.00 per hour from on or around December 1, 2015 until on or around September 26, 2017; and $25.00 per hour from on or around September 27, 2017 until the end of Plaintiff's employment on

6

or around April 3, 2018.  At all times from 2014 until the end of his employment, Defendants paid Plaintiff at his then-applicable regular rate of pay for all hours worked in a week, including those in excess of forty.

26. Thus, at no time during his employment did Defendants provide Plaintiff with an overtime premium for his hours worked in a week in excess of forty.

27. By way of example only, during the week of July 24 through July 30, 2013, Defendants required Plaintiff to work, and Plaintiff did work, seven days, Wednesday to Tuesday from 7:00 a.m. until 4:30 p.m., with one half-hour break on each day, for a total of sixty-three hours of work for that week.  Defendants paid Plaintiff $80.00 for each day worked that week.

28. By way of another example only, during the week of January 24 through January 30, 2018, Defendants required Plaintiff to work, and Plaintiff did work, six days, Wednesday to Friday from 8:00 a.m. until 6:00 p.m., Saturday from 8:00 a.m. until 5:00 p.m., and Monday and Tuesday from 8:00 a.m. until 6:00 p.m., with one half-hour break on each day, for a total of fifty-six hours of work that week.  Defendants paid Plaintiff $25.00 for all hours worked that week, including for the sixteen hours that Plaintiff worked in excess of forty.

29. Throughout his employment, Defendants paid Plaintiff on a weekly basis.

30. On each occasion when Defendants paid Plaintiff from in or around March 2013 to in or around December 2013, Defendants failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, Plaintiff's actual hours worked for that workweek or his accurate regular or overtime rates of pay for all hours worked.  On each occasion when Defendants paid Plaintiff from in or around January 2014 to on or around April 3, 2018, while Defendants provided Plaintiff with wage statements on each payday, the statements failed to

accurately list Plaintiff's overtime rate of pay for the hours that Plaintiff worked over forty during that week.

31. Additionally, upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one accurately containing, *inter alia*, Plaintiff's rates of pay and the basis thereof (e.g. hourly, daily, per shift) and the name and telephone number of the employer.

32. Defendants treated Plaintiff and all FLSA Plaintiffs in the same manner described herein.

33. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

34. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

35. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

36. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

37. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

38. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

39. Defendants willfully violated the FLSA.

40. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

41. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

42. Plaintiff, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

44. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

45. As also described above, Plaintiff, and any FLSA Plaintiff that opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

46. Plaintiff, and any FLSA Plaintiff that opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

47. Plaintiff, and any FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

48. Plaintiff, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

50. As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts-in to this action, with wage statements that accurately contained all of the criteria required under the NYLL.

51. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

52. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

53. Plaintiff, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

55. As described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff that opts-in to this action, with any wage notice at hire, let alone a wage notice that accurately contained all of the criteria required under the NYLL.

56. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

57. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

58. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participating in any form in this litigation;

      d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      e.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

      f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      g.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      h.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

      i.      Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: January 12, 2019
      Garden City, New York

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                910 Franklin Avenue, Suite 200
                Garden City, New York 11530
                Tel. (516) 248-5550
                Fax. (516) 248-6027

                _____
                KENNETH F. ST. JOHN, ESQ. (KS 3542)
                ALEXANDER T. COLEMAN, ESQ. (AC 8151)
                MICHAEL J. BORRELLI, ESQ. (MB 8533)